UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BELISARIO TORRES, on behalf of himself, individually, and on behalf of all others similarly-situated,<br><br>                       Plaintiff,<br><br>      -against-<br><br>REST ASSURED ROOFING AND RESTORATION, INC., and NICHOLAS SEPE, individually,<br><br>                      Defendants. | **COMPLAINT**<br><br>**Docket No.:**   25-cv-5716<br><br>Jury Trial Demanded |

BELISARIO TORRES ("Plaintiff"), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against REST ASSURED ROOFING AND RESTORATION, INC. ("REST ASSURED"), and NICHOLAS SEPE, individually, (together, where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

**NATURE OF CASE**

1.      This is a civil action for damages and other redress based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers pay their employees all of their earned wages in full and without deduction, NYLL § 193; (iv) the NYLL's requirement that employers furnish employees with a wage statement containing specific categories of accurate information on each payday, NYLL § 195(3); and (v) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff worked for Defendants - - a New Jersey corporation that operates a roofing business in at least New York and New Jersey, as well as the entity's Chief Executive Officer and day-to-day overseer - - as a construction worker, in New York, from July 2002 to February 15, 2025.  As described below, throughout his employment, but as is relevant herein, for the six-year period pre-dating the commencement of this action, plus an additional 228 days pursuant to former Governor Andrew M. Cuomo's executive tolling orders, until September 2024 ("the Relevant Period"), Defendants willfully failed to pay Plaintiff the overtime wages lawfully due to him under the FLSA and the NYLL.  Specifically, throughout the Relevant Period, Defendants required Plaintiff to work, and Plaintiff did work, in excess of forty hours each workweek, or virtually each week, yet in exchange, Defendants paid Plaintiff a flat weekly salary that did not include overtime premiums for the hours that Plaintiff worked in a week in excess of forty.

3.      Additionally, on several occasions, Defendants took unlawful deductions from Plaintiff's earned wages by paying him only a portion of his weekly salary for the same hours of work.

4.      Defendants further violated the NYLL by failing to furnish Plaintiff with an accurate wage statement on each payday.

5.      Defendants have paid and treated all of their non-managerial construction workers in the same manner.

6.      Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who have suffered damages as a result of Defendants' violations of the FLSA.  Plaintiff brings his

claims under the NYLL and the NYCRR on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts into this action.

## JURISDICTION AND VENUE

7.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district, as Plaintiff primarily performed his work for Defendants in Kings and Nassau Counties.

## PARTIES

9.     At all times during the Relevant Period, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

10.     At all relevant times, Defendant Rest Assured was and is a New Jersey corporation with its principal place of business located at 3414 Shoreline Drive, Allenwood, New Jersey 08720, and which is registered with the New York State Department of Corporations to receive service of process at 132 18th Street, Brooklyn, New York 11215.

11.     At all relevant times, Defendant Sepe was and is the Chief Executive Officer and day-to-day overseer of Defendant Rest Assured, who in that role personally managed and oversaw, and continues to manage and oversee, the day-to-day operations of the business, and who was and is ultimately responsible for all matters with respect to hiring and firing employees, determining

employees' rates, methods of pay, and work schedules, as well as for maintaining employment records, including those matters with respect to Plaintiff and FLSA Plaintiffs.

12.     At all relevant times, Defendants were and are "employers" within the meaning of the FLSA, the NYLL, and the NYCRR.  Additionally, at all times relevant to the FLSA, Defendant Rest Assured's qualifying annual business has exceeded and exceeds $500,000.00.  Furthermore, Defendants were and are engaged in interstate commerce within the meaning of the FLSA, as they employed and employ two or more employees and operate a business across state lines, in at least New York and New Jersey.  The combination of these factors subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

13.     Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation, as well as liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees of Defendants, who during the applicable FLSA limitations period, performed any work for Defendants as construction workers, or in a similar position, and who give consent to file a claim to recover unpaid overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

14.     Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs have: (1) performed similar tasks, as described in the "Background Facts" section below; (2) been subject to the same laws and regulations; (3) been paid in the same or similar manner; (4) been required to work in excess of forty hours in a workweek; and (5) not been paid the required rate of one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

15.    At all relevant times herein, Defendants were and are aware of the requirement to pay their non-managerial employees, including Plaintiff and FLSA Plaintiffs, at the rate of one and one-half times their respective regular rates of pay for all hours worked each week over forty, yet they purposefully and willfully chose and continue to choose not to do so.  Indeed, Plaintiff complained to Defendant Sepe multiple times that Defendants were not paying him overtime pay for his overtime hours worked in accordance with the law, but Defendants continued to pay him a flat weekly salary that did not include overtime pay for the remainder of his employment.

16.    Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek in excess of forty, in violation of the FLSA.

## BACKGROUND FACTS

17.    Defendant Rest Assured is a New Jersey corporation that operates a roofing business in at least New York and New Jersey.

18.    As described above, Defendant Sepe, the Chief Executive Officer, owns, manages, and oversees the day-to-day operations of the business, and was and is responsible for making all significant personnel-related decisions for all of its employees.  Indeed, to that end, Sepe hired and fired Plaintiff, set Plaintiff's hours and rate of pay, paid him, communicated Plaintiff's work instructions to him, and maintained or should have maintained Plaintiff's employment records.

19.    Plaintiff worked for Defendants from July 2002 through February 15, 2025, as a construction worker.  In this role, Plaintiff's primary duties consisted of building and repairing roofs for various residences and other buildings, primarily in Brooklyn and Nassau County.

20.    Throughout the Relevant Period, Defendants required Plaintiff to work, and Plaintiff did generally work, Monday through Saturday, from 6:00 a.m. to 6:00 p.m. each day,

without a scheduled or uninterrupted break during his shifts, for a total of seventy-two hours per week.

21.     Throughout the Relevant Period, Defendants paid Plaintiff a flat weekly salary of $1,500.00 that did not include overtime premiums at the rate of one and one-half times his regular rate of pay for any hours that Plaintiff worked over forty in a week.

22.     By way of example only, for the week of June 4 through June 10, 2023, Defendants required Plaintiff to work, and Plaintiff did work, a total of seventy-two hours, according to the following schedule, without a scheduled or uninterrupted break during his shifts:

> Sunday, June 4, 2023: off;
>
> Monday, June 5, 2023: 6:00 a.m. to 6:00 p.m.;
>
> Tuesday, June 6, 2023: 6:00 a.m. to 6:00 p.m.;
>
> Wednesday, June 7, 2023: 6:00 a.m. to 6:00 p.m.;
>
> Thursday, June 8, 2023: 6:00 a.m. to 6:00 p.m.;
>
> Friday, June 9, 2023: 6:00 a.m. to 6:00 p.m.; and
>
> Saturday, June 10, 2023: 6:00 a.m. to 6:00 p.m.

In exchange for his work that week, Defendants paid Plaintiff his weekly salary of $1,500.00, which did not include overtime pay at the rate of one and one-half times his regular rate for the thirty-two hours of work that he performed in excess of forty.

23.     Additionally, on several occasions, even though he worked his regular seventy-two-hour weekly schedule, Defendants deducted $100 from Plaintiff's weekly pay without his consent, such that they only paid him $1,400 for the week.  Examples of this occurred during the workweeks beginning on May 22, 2022 and July 24, 2022.

24.     Throughout the Relevant Period, Defendants paid Plaintiff by check on a weekly basis.

25.     On each occasion when Defendants paid Plaintiff during the Relevant Period, Defendants failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, his total hours worked that week, his regular and overtime rates of pay, and his regular and overtime rates for every hour that he worked.  Defendants' failure to provide Plaintiff with a proper wage statement deprived Plaintiff of the ability to know exactly how much compensation he was entitled to receive and contributed to the underpayment of wages as asserted herein.

26.     Defendants have treated Plaintiff and FLSA Plaintiffs in the same manner described herein.

27.     Defendants have acted in the manner described herein to maximize their profits while minimizing their labor costs and overhead.

28.     Each hour that Plaintiff and FLSA Plaintiffs worked was and is for Defendants' benefit.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
#### *Unpaid Overtime Under the FLSA*

29.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

30.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

31.     As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs were and/or are employees within the meaning of the FLSA.

32.    As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

33.    Defendants have willfully violated the FLSA.

34.    Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

35.    Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime Under the NYLL and the NYCRR*

36.    Plaintiff and any FLSA Plaintiff who opts into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

37.    NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

38.    As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts into this action were and/or are employees within the meaning of the NYLL and the NYCRR.

39.    As also described above, Plaintiff and any FLSA Plaintiff who opts into this action worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

40.     Plaintiff and any FLSA Plaintiff who opts into this action are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

41.     Plaintiff and any FLSA Plaintiff who opts into this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unlawful Deductions in Violation of the NYLL*

42.     Plaintiff and any FLSA Plaintiff who opts into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

43.     NYLL § 193 prohibits employers from making any deduction from an employee's wages, outside of certain limited enumerated circumstances, none of which is applicable here, and even then only upon obtaining that employee's express written consent.

44.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts into this action were and/or are employees within the meaning of the NYLL.

45.     As also described above, Defendants made unlawful deductions from the wages of Plaintiff and any FLSA Plaintiff who opts into this action.

46.     Plaintiff and any FLSA Plaintiff who opts into this action are entitled to compensation for the amount of money that Defendants unlawfully deducted from their wages.

47.     Plaintiff and any FLSA Plaintiff who opts into this action are also entitled to recover liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's unlawful deduction provisions.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

48.     Plaintiff and any FLSA Plaintiff who opts into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

49.     NYLL § 195(3) requires that employers furnish employees with a wage statement that contains accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

50.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts into this action were and/or are employees within the meaning of the NYLL.

51.     As also described above, Defendants, on each payday, failed to furnish Plaintiff and any FLSA Plaintiff who opts into this action with a wage statement that accurately contained the criteria that the NYLL requires.

52.     Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts into this action in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00 per person.

## DEMAND FOR A JURY TRIAL

53.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a.    A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.    Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.    An order restraining Defendants from any retaliation against Plaintiff and FLSA Plaintiffs for participating in any form in this litigation;

d.    Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.    All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

f.    Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

g.    Awarding Plaintiff and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

11

h.      Designation of Plaintiff and his counsel as collective action representatives under

the FLSA;

i.      Awarding pre-judgment and post-judgment interest, as provided by law; and

j.      Granting Plaintiff and FLSA Plaintiffs such other and further relief as this Court

finds necessary and proper.

Dated:  Garden City, New York
        October 10, 2025

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
910 Franklin Avenue, Suite 205
Garden City, New York 11530
Tel. (516) 248-5550
Fax. (516) 248-6027

By:    _____
       MICHAEL J. BORRELLI (MB 8533)
       ALEXANDER T. COLEMAN (AC 8151)
       RYAN S. RIGER (6176655)