UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
BELISARIO TORRES, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

REST ASSURED ROOFING AND RESTORATION, INC. and NICHOLAS SEPE, individually

Defendants.
---------------------------------------------------------X

**ORDER**
25 CV 5716 (PCG)

**CROSS-GOLDENBERG**, United States Magistrate Judge:

On October 10, 2025, plaintiff Belisario Torres commenced this action against defendants Rest Assured Roofing and Restoration, Inc. and Nicholas Sepe, alleging violations of the Fair Labor Standards Act 29 U.S.C. §§ 201 et seq. ("FLSA"), the New York Labor Law §§ 160 et seq. ("NYLL"), and N.Y. Comp Codes. R. & Regs. tit. 12 § 142–2.2 ("NYCRR"), and bringing claims for unpaid overtime wages, unlawful wage deductions, and failure to provide wage statements and notices. (Dkt. No. 1. ("Compl.")). Presently before the Court is Plaintiff's Motion for Conditional Certification of a FLSA collective action. (Dkt. No. 20 ("Mot.")).

## FACTUAL BACKGROUND[1]

According to the Complaint, Rest Assured Roofing and Restoration, Inc. operates as a roofing business in New York and New Jersey. (Compl. ¶ 17). Defendant Nicholas Sepe serves as the corporation's Chief Executive Officer, overseeing the day-to-day operations of the business, including the management and pay of employees. (Id. ¶ 18). Plaintiff worked as a construction worker for Defendants from July 2002 through February 15, 2025, building and

---

[1] The Court thanks Alexandra Duff, a judicial intern and current student at Northwestern University Pritzker School of Law, for assistance in researching and drafting this Order.

repairing roofs in Kings County and Nassau County. (Id. ¶ 19). Plaintiff alleges that throughout his employment, Defendants required him to work 12 hours per day without breaks, 6 days per week, and paid him a flat $1,500 weekly rate. (Id. ¶¶ 20, 21). Plaintiff additionally alleges that Defendants deducted $100 from Plaintiff's weekly pay without his consent "on several occasions." (Id. ¶ 23). He further alleges that Defendants failed to furnish him with proper wage statements, which deprived him of the ability to know the compensation to which he was entitled. (Id. ¶¶ 4, 25).

On March 20, 2026, Plaintiff submitted a Motion to Certify a collective of "all non-managerial employes, such as construction workers and those working in a similar position, who during the six-year period prior to this action's commencement, performed any work for Defendants in New York and who chose to opt into the case." (Mot. at 1). Plaintiff's declaration submitted in support of the present Motion alleges that there were more than twenty other non-managerial employees who performed similar duties to Plaintiff and who were similarly subjected to Defendants' alleged wage practices. (Dkt. No. 21 ("Torres Decl.") ¶¶ 7, 8). Plaintiff names five employees – Gersain Nuñiz, Jonathan Vergara, Jonathan Guaman, Giovanni Guaman, and Pablo Yax – he personally observed working similar schedules and performing similar tasks as Plaintiff. (Id. ¶¶ 8, 9). Plaintiff also claims to have had conversations with these coworkers which revealed that they were similarly subject to Defendants' wage practices. (Id. ¶ 10).

## DISCUSSION

### I. Conditional Certification

To determine whether to certify a collective in a FLSA case, courts conduct a two-step analysis. See Valerio v. RNC Indus., LLC, 314 F.R.D. 61, 65 (E.D.N.Y. 2016). First, at the certification stage preceding significant discovery, a court determines whether "'to send notice to

potential opt-in plaintiffs who may be similarly situated to the named plaintiffs with respect to whether a FLSA violation has occurred.'" Gonzalez v. Wicked Taco LLC, 764 F. Supp. 3d 77, 95 (E.D.N.Y. 2025) (quoting Myers v. Hertz Corp., 624 F.3d 537, 555 (2d Cir. 2010)). To meet this conditional certification standard, plaintiffs and opt-in plaintiffs must "share a similar issue of law or fact material to the disposition of their FLSA claims." Scott v. Chipotle Mexican Grill, Inc., 954 F.3d 502, 516 (2d Cir. 2020). The second stage follows discovery, when the court engages in a more heightened stage of scrutiny, consulting the evidentiary record to "make[] a factual finding regarding the similarly situated requirement; if the claimants are similarly situated, the collective action proceeds to trial, but if they are not, the [collective] is decertified." Puglisi v. TD Bank, N.A., 998 F. Supp. 2d 95, 100 (E.D.N.Y. 2014) (quoting Kalloo v. Unlimited Mech. Co. of NY, Inc., 908 F. Supp. 2d 344, 346 (E.D.N.Y. 2012)). Here, at the first stage, the Court need only determine preliminarily whether Plaintiff and the putative opt-in plaintiffs are "similarly situated." Romero v. H.B. Automotive Grp., Inc., No. 11 CV 386, 2012 WL 1514810, at *8 (S.D.N.Y. May 1, 2012).

To determine whether the proposed members of a class are "similarly situated," courts require only "a 'modest factual showing that [plaintiffs] and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law.'" Gonzalez, 764 F. Supp. 3d at 77, 95 (E.D.N.Y. 2025) (quoting Myers, 624 F.3d at 537, 555). Courts "routinely reject attempts to limit certification based on job function." Id. at 72 (colleting cases). Indeed, courts in the Eastern District have held that employees may be similarly situated "despite not occupying the same positions or performing the same job functions and in the same locations, provided that they are subject to a common unlawful policy or practice." Summa v. Hofstra Univ., 715 F.

Supp. 2d 378, 390 (E.D.N.Y. 2010) (quoting Colozzi v. St. Joseph's Hosp. Health Ctr., 595 F. Supp. 2d 200, 207 (N.D.N.Y. 2009)).

In applying this lenient evidentiary standard, "a court evaluates pleadings and affidavits, but does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." Cooke v. Frank Brunckhorst Co., LLC, 722 F. Supp. 3d 127, 136 (E.D.N.Y. 2024), on reconsideration in part, 734 F. Supp. 3d 206 (E.D.N.Y. 2024) (quotation omitted). "A named plaintiff is not required to show 'an actual FLSA violation' at this stage, but rather only that 'a factual nexus exists between the plaintiff's situation and the situation of other potential plaintiffs.'" Calderon v. King Umberto, Inc., 892 F. Supp. 2d 456, 459 (E.D.N.Y. 2012) (quoting Sobczak v. AWL Indus., Inc., 540 F. Supp. 2d 354 (E.D.N.Y. 2007)).

"Although the burden on the plaintiff at this preliminary stage is modest, 'it is not nonexistent.'" Valerio, 314 F.R.D. at 61, 65 (quoting Khan v. Airport Mgmt. Servs., LLC, No. 10 CV 7735, 2011 WL 5597371, at *5 (S.D.N.Y. Nov. 16, 2011). Mere allegations are not sufficient; "some factual showing by affidavit or otherwise must be made." Prizmic v. Armour, Inc., No. 05 CV 2503, 2006 WL 1662614, at *2 (E.D.N.Y. June 12, 2006). Courts in this Circuit "routinely grant conditional certification for overtime claims based on the statements of the named plaintiff(s) and other supporting affidavits." See Kemper v. Westbury Operating Corp., No. 12 CV 0895, 2012 WL 4976122, at *2 (E.D.N.Y. Oct. 17, 2012).

Plaintiffs may satisfy their burden at this first step through an affidavit containing hearsay. Chang Yan Chen v. Lilis 200 West 57th Corp., No. 19 CV 7654, 2021 WL 135248, at *4 (S.D.N.Y Jan. 14, 2021) (finding "the Court may consider hearsay in deciding a motion for conditional certification"); Moore v. Eagle Sanitation, Inc., 276 F.R.D. 54, 59 (E.D.N.Y. 2011) ("[C]ourts in this Circuit 'regularly rely on [hearsay] to determine the propriety of sending

a collective action notice.'") (quoting Sobczak v. AWL Indus., Inc., 540 F. Supp. 2d 354, 363 (E.D.N.Y. 2007)). "This is true even when the declarations are somewhat thin on details." Cooke, 722 F. Supp. 3d at 140 (quotation omitted). While there remains a low standard of proof, "anecdotal hearsay" will not suffice. Barfield v. N.Y.C. Health and Hospitals Corp., No. 05 CV 6319, 2025 WL 3098730, at *1 (S.D.N.Y. Nov. 18, 2005) (denying collective action certification where plaintiff "present[ed] nothing but limited anecdotal hearsay to suggest that there is a widespread practice" violating FLSA). Plaintiffs must "state clearly and specifically to whom it is that [he] contends [he] is similarly situated," otherwise "it is not possible for the Court to conclude that a collective action certification is warranted." Flores v. Osaka Health SPA, Inc., No. 05 CV 962, 2006 WL 695675, at *3 (S.D.N.Y. Mar. 16, 2006). See also Garcia v. SBKU Servs. Inc., No. 17 CV 3130, 2018 WL 11411859, at *3 (E.D.N.Y. Oct. 25, 2018) (denying collective action certification where plaintiff "was only able to identify one former worker by his first name and, even in that case, was unable to provide specific details concerning the conversation" he had with his co-worker); but see Bledsoe v. Saaqin, No. 15 CV 181, 2015 WL 13858822, at *3 (E.D.N.Y. Sept. 11, 2015) (granting a motion based on a declaration in support of plaintiff's motion where he "identifies co-workers who stated that they too worked more than 40 hours per week without proper compensation").

Here, Plaintiff clears the threshold of demonstrating he is similarly situated to the putative opt-in plaintiffs. Indeed, Plaintiff identifies "more than twenty other non-managerial employees who performed the same and/or similar duties as [Plaintiff]" and who he personally observed working similar schedules to Plaintiff. (Torres Decl. ¶¶ 8, 9). He recounts conversations with these co-workers during which he learned they were similarly subjected to Defendants' pay practices, including their alleged failure to pay overtime wages. (Id. ¶¶ 10-11).

Plaintiff also identifies several of these employees by name and declares that he personally observed them complaining to Defendants about the failure to pay wages. (Id. ¶¶ 8-10). Plaintiff's sworn declaration therefore establishes that he and the putative opt-ins were similarly situated in terms of hours worked, duties performed, and pay received.

Defendants object to conditional certification on several grounds. Defendants argue that Plaintiff has failed to make a modest factual showing because Mr. Torres's declaration "relies on conclusory allegations and hearsay." (Dkt. No. 22 ("Opp.") at 7). Defendants assert that Mr. Torres "provides no specifics regarding when or where" he had conversations with his coworkers regarding their pay and work schedules, that the identification of only five individuals by name is "statistically insignificant" to establish that Plaintiff is similarly situated to employees at other job sites, that Plaintiff offers no evidence that employees at other sites or those working under different foremen were subject to the same flat weekly rate of pay, and that Plaintiff has failed to show he is similarly situated to all non-managerial employees including clerical staff, drivers, or yard workers. (Id.)

Defendants' arguments are unavailing. Plaintiff is not required to state the precise time and place of individual conversations involving the at-issue pay practices. Here, Plaintiff has identified by name five individuals with whom he worked "almost every day" who were subject to Defendants' allegedly unlawful pay policies. In addition to the five putative collective members Plaintiff has named, he alleges that he worked with dozens of others and recalls speaking with coworkers, or personally observing their conversations, regarding Defendants' pay practices (Torres Decl. ¶¶ 8, 9, 10). Plaintiff declares that employees were assigned to teams, and although the makeup of the teams would change, Plaintiff states that he worked with "essentially all" non-managerial employees. (Id. at ¶ 8). What matters are Plaintiff's allegations

that he and the members of the putative collective were subject to a common unlawful policy, not whether they shared a job title or performed the same job functions at the same locations. Plaintiff's statements that he observed or had conversations with dozens of employees across different teams clears Plaintiff's modest burden at this stage. If after discovery it appears that any of the opt-in plaintiffs are not in fact similarly situated, Defendants will have an opportunity to move for decertification. Valerio, 314 F.R.D. at 61, 69.

Plaintiff has made the preliminary showing that he and the putative opt-ins were similarly subject to Defendants' common pay practices. Accordingly, the Court grants Plaintiff's motion for the conditional certification of a collective.

II. Notice

A. Notice Period

Plaintiff proposes to provide notice to all non-managerial employees who worked for Defendants in New York at any time from October 10, 2019 to the present. (Mot. at 4).

The FLSA has a two-year statute of limitations or, in the case of willful violations, a three-year statute of limitations. 29 U.S.C. § 255(a). "At the conditional certification stage, allegations of willful conduct are sufficient to apply the three-year statute of limitations for the purposes of certifying the class." Valerio, 314 F.R.D. at 73–74 (quoting Jie Zhang v. Wen Mai, Inc., No. 14 CV 1647, 2015 WL 6442545, at *5 (E.D.N.Y. Oct. 23, 2015)). The NYLL, though, has a six-year statute of limitations. N.Y. Lab. L. § 198(3). Although Plaintiff only moves for FLSA collective certification, where the complaint alleges claims under both the FLSA and the NYLL, courts "routinely deny requests to limit the Notice time period to three years, as even where claims are untimely under the FLSA, they may shed light on the appropriateness of certifying a class action under the NYLL." Guaman v. 5 M Corp., No. 13 CV 3820, 2013 WL

5745905, at *5 (S.D.N.Y. Oct. 23, 2013) (alteration omitted) (quoting Harhash v. Infinity W. Shoes, Inc., No. 10 CV 8285, 2011 WL 4001072, at *4 (S.D.N.Y. Aug. 25, 2011)). Courts in this Circuit also regularly equitably toll the statute of limitations while the motion for conditional certification is pending. See Fa Ting Wang v. Empire State Auto Corp., No. 14 CV 1491, 2015 WL 4603117, at *14 (E.D.N.Y. July 29, 2015); Viriri v. White Plains Hosp. Med. Ctr., 320 F.R.D. 344, 355–56 (S.D.N.Y. 2017); Jackson v. Bloomberg, L.P., 298 F.R.D. 152, 171 (S.D.N.Y. 2014); McGlone v. Contract Callers, Inc., 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012).

Therefore, the Court approves Plaintiff's six-year notice period and tolls the statute of limitations to account for the time Court's spent deliberating on the present Motion.

B. Opt-In Period

Plaintiff proposes a sixty-day opt-in period. (Mot. at 4). Defendants do not do not address Plaintiffs' proposed opt-in period. Because "[c]ourts in this Circuit routinely restrict the opt-in period to sixty days," Fa Ting Wang, 2015 WL 4603117, at *11 (quotation omitted) (collecting cases), the Court sets the opt-in period to the standard sixty days.

C. Form of Notice

Plaintiff requests to provide the notice via first class mail, email, text message, and through Defendants posting the notice at their construction sites in English, Spanish, and any other language that Defendants identify as the primary language of any potential opt-in plaintiff. (Mot. at 3). He also proposes propounding a reminder notice halfway through the notice period. (Id.).

"Although [the FLSA] does not 'expressly provide for court-authorized notice to potential opt-in plaintiffs in a collective action, it is well settled that district courts have the power to authorize an FLSA plaintiff to send such notice.'" Cooke, 722 F. Supp. 3d at 141

(quoting Damassia v. Duane Reade, Inc., No. 04 CV 8819, 2006 WL 2853971, at *2 (S.D.N.Y. Oct. 5, 2006)). It is within the Court's discretion to craft an appropriate notice to effectuate the overarching policies of the FLSA and provide employees with accurate and timely notice of the pendency of the action. (Id.).

Disseminating notice of a FLSA collective via mail, email, and text is a routine practice in this district. See McPherson v. Look Ent. Ltd., No. 23 CV 4273, 2024 WL 4265844, at *9 (E.D.N.Y. Sept. 23, 2024); Tlapanco v. City Metal Traders, Inc., No. 21 CV 6341, 2023 WL 2240396, at *5 (E.D.N.Y. Feb. 27, 2023); Chen v. Thai Greenleaf Rest. Corp., No. 21 CV 1382, 2024 WL 3742718, at *6 (E.D.N.Y. Aug. 9, 2024). Courts also approve requests to post notice on employee bulletin boards and common areas even when potential opt-ins will also be notified via other means. See, e.g., Cooke, 722 F. Supp. 3d at 144 (approving notice via text message and by posting the notice in a public place in the employer's facilities). As such, the Court permits Plaintiff to disseminate notice via first class mail, email, text message, and posting to a public area at Defendants' construction sites throughout the opt-in period.

Reminder notices are also often authorized and are "intended to inform as many potential plaintiffs as possible of the collective action and their right to opt-in." Thai Greenleaf Rest. Corp., 2024 WL 3742718, at *10 (quoting Yuefeng Shi v. TL & CG Inc., No. 19 CV 8502, 2020 WL 4586359, at *6 (S.D.N.Y. Aug. 10, 2020). See Chhab v. Darden Rests., Inc., No. 11 CV 8345, 2013 WL 5308004, at *16 (S.D.N.Y. Sept. 20, 2013) (approving a reminder notice over defendants' objection that doing so would be an endorsement by the Court for the putative collective members to join the lawsuit). Accordingly, the Court approves Plaintiff's request to disseminate a reminder notice thirty days before the conclusion of the opt-in period.

Courts generally permit notice to be provided in the primary language of potential plaintiffs. Valerio, 314 F.R.D. at 76 (collecting cases). The Court grants Plaintiff's request to disseminate the notices in English, Spanish, and any other language identified as the primary language of the potential opt-in plaintiffs.

D. Contact Information of the Potential Opt-Ins

Plaintiff requests that the Court order Defendants to produce the contact information for the potential opt-in plaintiffs. (Mot. at 4). Defendants do not address this issue in their opposition.

Requests such as this are "not…unusual request[s] and indeed courts in this Circuit have routinely granted such requests in the FLSA conditional certification stage." McPherson, 2024 WL 4265844, at *8. This information is relevant and appropriate at this stage. Tate v. WJL Equities Corp., No. 13 CV 8616, 2014 WL 2504507, at *2 (S.D.N.Y. June 3, 2014). Courts require the production of this information in computer-readable formats "whenever possible." Cooke, 722 F. Supp. 3d at 145 (collecting cases). The Court therefore requires Defendants to produce the last known addresses, all phone numbers, primary languages, dates of employment, and rate of pay for the putative opt-in plaintiffs in a computer-readable format within fourteen days of this Order.

## CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's Motion and (1) conditionally certifies the FLSA collective; (2) approves a six-year notice period; (3) tolls the statute of limitations to account for the Court's time spent deliberating on the present Motion; (4) limits the opt-in period to sixty days; (5) permits Plaintiff to disseminate notice via first class mail, email, text message, and posting to a public area at Defendants' construction sites throughout the opt-in period in English, Spanish, and any other identified primary language for the putative opt-in

plaintiffs; (6) permits Plaintiff to disseminate a reminder notice thirty days before the conclusion of the opt-in period; and (7) requires Defendants to produce the last known addresses, all phone numbers, primary languages, dates of employment, and rate of pay for the putative opt-in plaintiffs in a computer-readable format within fourteen days of this Order.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
September 10, 2026

/s/ *Peggy Cross-Goldenberg*
Peggy Cross-Goldenberg
United States Magistrate Judge
Eastern District of New York